# Richmond

### John Henry Oglesby, Jr. v. Commonwealth of Virginia.

September 1, 1972.

Record No. 7933.

Present, Snead, C.J., I'Anson, Carrico, Harrison, Cochran and Harman, JJ.

*James S. Farmer* (*Davies, Farmer & Smith*, on brief), for plaintiff in error.

*Gilbert W. Haith, Assistant Attorney General* (*Andrew P. Miller, Attorney General*, on brief), for defendant in error.

HARMAN, J., delivered the opinion of the court.

The trial court found John Henry Oglesby, Jr. (defendant or Oglesby) guilty of possession of heroin with the intent to distribute the same[1] and sentenced him to five years in the penitentiary.

The defendant says there was no probable cause for his arrest without a warrant. He maintains, therefore, that the trial court erred in failing to suppress the drugs seized when he was arrested.

Oglesby was arrested at approximately 10:00 p.m. on April 8, 1971, by Sergeant W. H. Wood (Wood) and Corporal D. F. Mc-

---

[1] Code § 54-524.101 (a) (1) (1972 repl. vol.).

Colluck (McColluck), members of the vice squad of the Lynchburg Police Department.

These officers received a "telephone" call advising them "a colored male subject was on 5th Street whose last name was Oglesby and he had on a navy P-coat and that he had on his person a supply of narcotics." While we know that someone called the officers by telephone from police headquarters, we do not know the identity of that person. Furthermore, we do not know the source of the information communicated to them, and the record is silent on the reliability of that information.

After receiving this information Wood and McColluck proceeded to the downtown area. As they drove north on 5th Street they observed the defendant, a colored male, wearing a navy P-coat standing in front of 915 5th Street. The officers drove around the block and parked their car near the intersection of 5th and Polk Streets.

The officers then walked to the corner of 5th and Polk Streets where they again observed the defendant. At that time the defendant had crossed 5th Street and was walking toward Jackson Street, away from the officers. Wood and McColluck crossed 5th Street and "walked rather quickly toward him. As he [defendant] saw [the officers] coming [he] picked up his pace and walked into 908 Fifth Street, which is a restaurant." At that time Wood was only 15 or 20 feet behind the defendant and McColluck was "a little closer to him" than Wood.

Wood observed a "small brown envelope" in Oglesby's hand as Oglesby entered the restaurant. Wood testified that Oglesby was "trying maybe to get rid of it."

McColluck first observed the envelope in Oglesby's hand after Oglesby entered the restaurant. McColluck testified that the envelope was a "small bank envelope" of the type commonly used for the distribution of marijuana and drugs in the Lynchburg area. At this point McColluck "grabbed" the envelope and arrested the defendant.

The envelope seized by McColluck contained marijuana. A search of the defendant before he was transported to police headquarters disclosed seven more packages of marijuana and eight foil-wrapped packages of heroin on his person.

The crucial question here is whether probable cause existed for the defendant's arrest. If so, the search was lawful and the contraband seized is clearly admissible as evidence against him. *Draper* v. *United*

*States,* 358 U.S. 307 (1959); *McKoy* v. *Commonwealth,* 212 Va. 224, 183 S.E.2d 153 (1971).

An officer may make a warrantless arrest for an offense committed in his presence. *Fierst* v. *Commonwealth,* 210 Va. 757, 173 S.E.2d 807 (1970). And a warrantless arrest of a person is lawful if the police have probable cause to believe a felony has been or is being committed by him. *Brinegar* v. *United States,* 338 U.S. 160 (1949); *McKoy* v. *Commonwealth, supra.*

In assessing the officer's probable cause for a warrantless arrest, no less strict standards may be applied than are applicable to a magistrate's determination that an arrest or search warrant should issue. *Whiteley* v. *Warden, Wyoming State Penitentiary,* 401 U.S. 560 (1971); *McKoy* v. *Commonwealth, supra.*

The Attorney General argues that the facts here are similar to those in *McCray* v. *Illinois,* 386 U.S. 300 (1967), and *Draper* v. *United States, supra.* In each of those cases the United States Supreme Court held there was probable cause for a warrantless arrest. We find this reliance misplaced, however, because the reliability of the informer, a strong indicia of the reliability of the information, was established by evidence showing past reliability in both *McCray* and *Draper.*

Here, as we pointed out earlier, the record fails to disclose the identity of the person who furnished information to the officers. The record likewise fails to show that this information came from a source which had proven reliable in the past.[2] The officers' observations confirmed that the defendant was at the location and was dressed as the information they received indicated. But this standing alone, in the absence of a showing of the reliability of the informer or the information, was insufficient to establish probable cause for Oglesby's arrest.

As was pointed out in *Beck* v. *Ohio,* 379 U.S. 89 (1964):

"It is possible that an informer did in fact relate information to the police officer in this case which constituted probable cause for the petitioner's arrest. But when the constitutional validity of that

[2]*Adams, Warden* v. *Williams,* 407 U.S. 143 (1972), decided after this case was argued, upheld a stop and frisk search for weapons on a tip from a known informer who had given information in the past. The reliability of the informer was not otherwise established. This opinion, an extension of *Terry* v. *Ohio,* 392 U.S. 1 (1968), points out that the informer was subject to criminal prosecution if the tip had proven incorrect and that "(t)his is a stronger case than obtains in the case of an anonymous telephone tip."

arrest was challenged, it was incumbent upon the prosecution to show with considerably more specificity than was shown in this case what the informer actually said, and why the officer thought the information was credible. . . ." *Id.* at 97.

Having found the evidence adduced by the Commonwealth fails to sustain probable cause for Oglesby's arrest on the basis of the tip received by the officers, we must now determine whether the officers' subsequent observations of the defendant's conduct, coupled with the tip, was sufficient to establish probable cause for his arrest. We think not.

Probable cause must exist before a warrantless arrest, and an incident search may not precede and serve to justify the arrest. *Bryson* v. *Commonwealth*, 211 Va. 85, 87, 175 S.E.2d 248, 251 (1970).

Prior to Oglesby's arrest the officers saw Oglesby pick up his pace and enter the restaurant as they approached him. Oglesby had a small brown bank envelope in his hand. While the evidence discloses that such envelopes were commonly used for drug traffic in the Lynchburg area, it also shows similar envelopes were commonly used by banks and their customers for legitimate purposes. Woods' conclusory statement that Oglesby appeared to be "trying maybe to get rid of it (the envelope)" is the only other circumstance known to the officers at the time of the arrest.

Probable cause, as the very name implies, deals with probabilities. These are not technical; they are the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act. Probable cause exists where the facts and circumstances within the arresting officer's knowledge and of which he has reasonably trustworthy information are sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been or is being committed. *Draper* v. *United States, supra,* 358 U.S. at 313.

Since the evidence here fails to meet that standard, we reverse and remand for a new trial if the Commonwealth be so advised.

*Reversed and remanded.*