## Richmond

ORLANDO ALLEN HOLLIS v. COMMONWEALTH OF VIRGINIA.

April 23, 1976.

Record No. 750643.

Present, All the Justices.

*Murray J. Janus* (*Fred A. Talbot; Bremner, Byrne, Baber & Janus,* on brief), for plaintiff in error.

*Jerry P. Slonaker, Assistant Attorney General* (*Andrew P. Miller, Attorney General,* on brief), for defendant in error.

COCHRAN, J., delivered the opinion of the court.

The trial court, sitting without a jury, found Orlando Allen Hollis guilty of possession of lysergic acid diethylamide (LSD) with intent to distribute, and guilty of possession of marijuana. On the LSD conviction Hollis was sentenced to confinement in the state penitentiary for a period of twenty-five years, with ten years suspended during his good behavior for a period of twenty years. On the marijuana conviction the trial court withheld imposition of any sentence. In this appeal Hollis raises the question whether the LSD and marijuana introduced in evidence against him were inadmissible as the products of an illegal warrantless search and seizure.

Prior to trial on the merits a hearing was conducted on Hollis's motion to suppress the incriminating evidence. Detective John J. Cox, of the Richmond Police Department, testified that at approximately 1:25 a.m. on July 25, 1974, he received information from a known reliable informant that a yellow Mustang automobile, bearing District of Columbia license plates, was transporting drugs from another part of the state to the area of Azalea and Chamberlayne Avenues, in the City of Richmond. The informant reported to Detective Cox that the information had been given to him in a telephone call, the source and nature of which were not disclosed.

Cox and another detective proceeded to the designated area in an unmarked car, arriving at approximately 1:44 a.m., and observed a yellow Mustang, bearing District of Columbia license plates, parked across the street from a 7-11 Store located at Azalea and Old Brook. The taillights on the Mustang were blinking.

As the detectives drove past, Cox shined a hand spotlight on the Mustang and "it lit the whole complete car up". Cox saw Hollis, seated in the passenger seat, remove what appeared to be a hand-rolled cigarette from his mouth and throw it to the floor of the car. Cox testified that in his investigation of narcotics cases in past years he had found that such a movement comes from "people trying to get rid of them". Cox got out of the police car, went around to the passenger side of the Mustang, shined the spotlight on the floor of the vehicle and there saw the hand-rolled cigarette, which appeared to be a marijuana cigarette. He opened the car door, smelled marijuana, seized the cigarette, and arrested Hollis for possession of marijuana. Search of a bag of Hollis's lying on the seat beside him disclosed quantities of LSD and marijuana which Cox also seized.

We will assume, as the Commonwealth has conceded, that the informant's tip, based upon information received by the informant in a telephone call, was insufficient, within the Fourth Amendment guide-

lines established by *Spinelli* v. *United States*, 393 U.S. 410 (1969), and *Aguilar* v. *Texas*, 378 U.S. 108 (1964), to support issuance of a warrant or to give the officers probable cause to make a warrantless search of the yellow Mustang or a warrantless arrest of its occupants. There can be no doubt, however, that the tip, transmitted by an informant whose reliability was established, required prompt police investigation. *See McKoy* v. *Commonwealth*, 212 Va. 224, 227, 183 S.E.2d 153, 156 (1971).

In their investigation the police officers verified all the information supplied by the tip that could be verified by observation. They found an automobile, matching the description reported to Cox, parked in the area designated by the informant. When Cox turned a spotlight on the Mustang he observed suspicious conduct on the part of Hollis. Asked by the trial court why he thought the cigarette which Hollis threw down contained marijuana, Cox replied that he based his conclusion on the appearance of the hand-rolled cigarette and on Hollis's actions in getting rid of it when the spotlight illuminated the interior of the Mustang.

Hollis concedes that, under *Adams* v. *Williams*, 407 U.S. 143 (1972), and *Terry* v. *Ohio*, 392 U.S. 1 (1968), the officers could have conducted a limited investigation to determine the identity of the occupants of the Mustang and the reason for their presence in the area. He maintains, however, that the officers, not having probable cause to do so because of the deficient tip, could not open the car door and conduct a full-scale search.

Hollis does not challenge the officer's action in shining the spotlight into the Mustang. Observation of contraband or suspicious objects openly exposed to view inside a vehicle is not a constitutionally proscribed search. *Harris* v. *United States*, 390 U.S. 234, 236 (1968); *Cook* v. *Commonwealth*, 216 Va. 71, 216 S.E.2d 48 (1975); *Duffield* v. *Peyton*, 209 Va. 178, 183, 162 S.E.2d 915, 918 (1968); *Johnson* v. *Commonwealth*, 208 Va. 481, 485, 158 S.E.2d 725, 728 (1968).

From the evidence, which, in accordance with familiar principles, we have viewed in the light most favorable to the Commonwealth, we conclude that Cox's observations before he opened the door to the Mustang were sufficient to establish probable cause to search the car for marijuana. As an articulated legal standard, probable cause deals with probabilities concerning the factual and practical considerations in everyday life as perceived by reasonable and prudent persons. It is not predicated upon a clinical analysis applied by legal technicians. *Brinegar* v. *United States*, 338 U.S. 160 (1949); *Schaum* v. *Commonwealth*,

215 Va. 498, 211 S.E.2d 73 (1975). In determining whether probable cause exists courts will test what the totality of the circumstances meant to police officers trained in analyzing the observed conduct for purposes of crime control. *Davis* v. *United States*, 409 F.2d 458 (D.C. Cir. 1969).

Cox, an officer experienced in narcotics investigations, observed Hollis sitting in an automobile smoking a hand-rolled cigarette that appeared to be a marijuana cigarette, which Hollis furtively attempted to hide from view. Before opening the car door Cox again observed the hand-rolled cigarette on the floor of the Mustang. The appearance of the cigarette and Hollis's furtive gesture in attempting to hide it combined to provide the necessary probable cause to search the car without obtaining a warrant.

Our conclusion is supported by cases from other jurisdictions. Thus, in *State* v. *Hunt*, 15 Or. App. 76, 514 P.2d 1363 (1973), observation of a hand-rolled cigarette in the defendant's hand and defendant's dropping of the cigarette when she noticed that she was being observed by a uniformed policeman were held sufficient to justify seizure of the cigarette, which contained marijuana. In *People v. Hall*, 40 Mich. App. 329, 198 N.W.2d 762 (1972), police officers, after lawfully stopping a van for operating with one headlight, observed a plastic bag and plastic bottle on the back seat which the passengers immediately covered. Upon searching the vehicle the officers discovered that the vial and bag contained marijuana. In sustaining the search and seizure the Michigan court, cognizant that narcotics are often carried in such containers, held that observation of the containers and the furtive attempt to conceal them justified the police in reasonably concluding that a crime was being committed.

Numerous search and seizure cases involving furtive gestures have arisen in California, usually where officers have stopped motorists for traffic violations and have then, under varying circumstances, found contraband in the vehicles or on the persons of the occupants. Some California cases have held that a mere furtive gesture is sufficient to provide probable cause to search the vehicle. *People* v. *Blodgett*, 46 Cal.2d 114, 293 P.2d 57 (1956) (nighttime search); *People* v. *Superior Court of Los Angeles County*, 272 Cal. App.2d 383, 77 Cal. Rptr. 646 (1969) (nighttime search). Nevertheless, the current California rule appears to be that a furtive gesture alone is not sufficient to constitute probable cause to search or to arrest, but a furtive gesture coupled with observation of contraband, or of a package or box which it is reasonable to believe contains contraband, may suffice. *People* v. *Superior*

*Court of Yolo County*, 3 Cal.3d 807, 91 Cal. Rptr. 729, 478 P.2d 449, 45 ALR3d 559 (1970). *See also* Annot., 45 ALR3d 581 (1972).

*Oglesby* v. *Commonwealth*, 213 Va. 247, 191 S.E.2d 216 (1972), and *Berger* v. *Commonwealth*, 213 Va. 54, 189 S.E.2d 360 (1972), relied upon by Hollis, are distinguishable. In *Oglesby*, the tip supplied to the police by an unknown informant who did not disclose the source of his information was held insufficient to provide probable cause to arrest the defendant, whose appearance matched the description given by the informant, and who was found by the police where the informant had reported him to be. The officers' subsequent observation of defendant's conduct did not supply the necessary probable cause. As the officers approached the defendant quickened his pace and entered a restaurant while carrying in his hand a small brown bank envelope which, an officer testified, he appeared to be "trying maybe to get rid of . . . ." The officer gave no factual basis for his speculative conclusion. We held that the vaguely described actions of the defendant did not justify his arrest without a warrant and the subsequent seizure by the police of the envelope, in which heroin was found.

In *Berger*, we held that an affidavit for the issuance of a search warrant to search for drugs was insufficient where the affidavit contained only a general averment that there were loud noises and "unusual activity" on the premises to be searched, and included the conclusory statement that people were smoking a substance that required the use of many matches and appeared to be used in "such a manner" as marijuana. No furtive gestures or movements were involved.

As Cox had probable cause to believe that there was marijuana in the Mustang, he was justified in searching the car for it without a warrant. *Chambers* v. *Maroney*, 399 U.S. 42, *rehearing denied*, 400 U.S. 856 (1970); *McKoy* v. *Commonwealth, supra*, 212 Va. at 225, 183 S.E.2d at 156; *People* v. *Terry*, 70 Cal.2d 410, 428, 77 Cal. Rptr. 460, 472, 454 P.2d 36, 48 (1969). Upon opening the car door he smelled the odor of marijuana, which confirmed his belief, and, after seizing the hand-rolled cigarette, he arrested Hollis for possession of marijuana. Incident to this arrest the officers could make a warrantless search of Hollis's person and of the area within his reach where he might obtain a weapon or destroy evidence. *Chimel* v. *California*, 395 U.S. 752, 763 (1969); *Lugar* v. *Commonwealth*, 214 Va. 609, 613, 202 S.E.2d 894, 898 (1974). Accordingly, the bag lying beside Hollis on the car seat was properly searched and the narcotics found therein and seized by the officers were admissible in evidence against him.

*Affirmed.*