## CIRCUIT COURT OF HENRICO COUNTY

Commonwealth of Virginia

v.

DeAngelo Smith

December 2, 1983

Case No. 83-F-497

By JUDGE E. BALLARD BAKER

On September 29, 1983, this Court found DeAngelo Smith guilty of possession of heroin, the offense occurring on May 27, 1983. A pre-sentence report was requested, the defendant was permitted to remain on bond and sentencing was set for November 15. Smith failed to appear on the 15th.

At the trial, the defendant moved to suppress the heroin as the product of an illegal search. The position was renewed on the 15th, and this letter is in response to the request that the Court reconsider its holding on the search.

On May 27, 1983, police arrested a woman in the Chamberlayne Farms Pharmacy on a forged prescription charge. She said her identification was in a car outside in the parking lot, and pointed to a car in which the defendant was sitting at the driver's seat. The officers, Detective Bolling and Investigator Fitzgerald, approached the car and Smith was ordered out. As he got out, a film canister fell from his lap to the pavement. Bolling picked it up, shook it, heard a rattle and opened the canister. Inside he found two packages which, when analyzed, contained heroin.

Defendant takes the position there was no probable cause to search the canister and, if there was, a search warrant should have been obtained before it was opened.

Bolling and Fitzgerald, both experienced narcotic investigators, testified that it was common practice to put narcotics in film canisters. Both stated that they thought the canister held contraband when they saw it fall; but did not know its contents. Bolling, when picking it up, found it to be light, and, after shaking it and hearing a rattle, opened it.

The officers said they saw no camera in the car. They were also aware that Smith had come to the area with the woman just arrested on the forged prescription charge. The woman later told them that Smith was not involved in the forged prescription.

Did Bolling have probable cause to seize and open the canister?

Smith, under the guns of Bolling and Fitzgerald, understandably made no effort to pick up the canister. Bolling did this quickly, then shook it. Having seen the item fall in plain view, inadvertently, Bolling's act of picking it up can hardly be criticized or held to violate any constitutional rights. When he hears the rattle, he opens it.

In determining whether probable cause exists courts will test what the totality of the circumstances meant to police officers trained in analyzing the observed conduct for purposes of crime control. (Hollis v. Comm., 216 Va. 874, 877 (1976))

Considering the totality of the circumstances, Bolling had probable cause to search the canister after having picked it up and shaken it.

Was he required to present his probable cause to a magistrate and ask for a search warrant?

As the canister at the moment of being observed and opened was not in the automobile, the motor vehicle exception to the warrant requirement is not applicable. And this Court recognizes that the Supreme Court, in United States v. Chadwick, 433 U.S. 1, 97 S. Ct. 2476, declined to extend the rationale of the "automobile exception" to permit a warrantless search of any movable container found in a public place.

However, exigent circumstances also play a part in determining whether a search warrant is required. As stated in 68 Am. Jur. 2d, Searches and Seizures, sect. 44:

> In addition to probable cause for the search or seizure, there must also exist "exigent circumstances" in which it would not be practicable to obtain a warrant, in order to bring into play this exception to the warrant requirement.

Bolling, having probable cause to believe contraband was in the canister could have done one of several things. He could, as he did, open it. He could have detained Smith, gone to a magistrate, obtained a search warrant and then opened the container. He might have returned the container to Smith and let him go on his way. His dilemma reminds one of Justice Powell's comment in Robbins v. California, 101 S. Ct. 2841, 2849:

> While the plurality's blanket warrant requirement does not even purport to protect any privacy interest, it would impose substantial new burdens on law enforcement. Confronted with a cigar box or a Dixie cup in the course of a probable cause search of an automobile for narcotics, the conscientious policeman would be required to take the object to a magistrate, fill out the appropriate forms, await the decision, and finally obtain the warrant. Suspects or vehicles normally will be detained while the warrant is obtained. This process may take

hours, removing the officer from his normal police duties. Expenditure of such time and effort, drawn from the public's limited resources for detecting or preventing crimes, is justified when it protects an individual's reasonable privacy interests. In my view, the plurality's requirement cannot be so justified. The aggregate burden of procuring warrants whenever an officer has probable cause to search the most trivial container may be heavy and will not be compensated by the advancement of important Fourth Amendment values. . . .

The holding in Robbins, that two packages found in a car, could not be opened without a search warrant despite probable cause, was rejected by the Supreme Court in United States v. Ross, 102 S. Ct. 2157, 2172. Ross held that if there is probable cause to search a lawfully stopped motor vehicle, every part of the car and its contents that may conceal the object of the search can be searched. One of the objects searched without a warrant in Ross was a closed brown paper bag.

These cases are cited to support a view that even though a person has a reasonable privacy interest, as Ross had in the brown paper bag, that interest may be outweighed by the exigent circumstances supporting the automobile exception to the warrant requirement.

Here, not only is delay of Smith and the vehicle required if Bolling must get a search warrant; there is also the need to secure the container to prevent any contention that, when opened after the warrant, it had the same contents as when picked up.

Having probable cause to believe contraband was in the canister, Bolling really could not return it to Smith. (If he had, Smith likely would have gotten back in the car, at which time the automobile exception to the warrant requirement would apply and Bolling could have had Smith get out, produce the canister and open it).

Under the unusual circumstances here, while Smith did have a reasonable expectation of privacy in the contents of the canister, those expectations are outweighed by the exigent circumstances which make procuring a search warrant unreasonable.

The result of all this is that the position taken at the trial on September 29, 1983, denying the motion to suppress remains undisturbed.

A capias will be issued due to the defendant's failure to appear on November 15.