COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Bumgardner and Kelsey
Argued by teleconference


FILADELFO GOMEZ

                                      MEMORANDUM OPINION* BY
v.    Record No. 0347-02-4        JUDGE RUDOLPH BUMGARDNER, III
                                           JULY 8, 2003
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                      Dennis J. Smith, Judge

            Crystal A. Meleen (Lopez, Meleen & Sprano,
            PLC, on brief), for appellant.

            Jennifer R. Franklin, Assistant Attorney
            General (Jerry W. Kilgore, Attorney General,
            on brief), for appellee.


     A jury convicted Filadelfo Gomez of distribution of

cocaine.  He contends the trial court erred by not suppressing

statements he made during custodial interrogation.  He maintains

the police never had probable cause to arrest him.  Finding no

error, we affirm.

     We view the evidence and the reasonable inferences

therefrom in the light most favorable to the Commonwealth.

Commonwealth v. Grimstead, 12 Va. App. 1066, 1067, 407 S.E.2d

47, 48 (1991).  An undercover detective made three large

purchases of cocaine from Jose Luna.  Before each purchase, the

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

detective arranged the purchase with Luna and fixed a time and place to meet him. Each time, Luna arrived in a gray van owned and driven by Jose Delcid. Luna would get into the detective's vehicle, complete the sale, return to the van, and leave in it. Shortly after leaving the scene of the second sale, the detective observed the defendant in the van with Luna and Delcid.

Before the third purchase, the detective arranged to meet Luna at 8:00 p.m. As he approached the selected meeting spot, the detective maintained cell phone contact with Luna. Delcid drove the van into the parking lot and parked. Luna exited, walked off a short distance, and waited for the detective, who arrived five minutes later. The detective first drove to the van and asked the occupants where Luna was. The defendant sat in the front passenger seat, and Delcid had remained in the driver's seat. Both men gestured to their left, and the defendant said something in Spanish about "waiting." The detective proceeded in the direction they indicated and found Luna. Luna got into the detective's car and completed the sale. The detective then signaled for the concealed arrest team to execute the arrest plan.

Officers blocked the van, removed the occupants, and patted them down. They handcuffed the defendant and sat him on the curb. While doing that, the police discovered a bag of cocaine in the pocket of the front passenger door. After the police

- 2 -

took the defendant to the police station and informed him of his Miranda rights in Spanish, he made the statements that he sought to suppress at trial.

The trial court found the police had probable cause to believe that the defendant was involved with the drug deal. "[P]robable cause is a flexible, common-sense standard." Texas v. Brown, 460 U.S. 730, 742 (1983). An officer is permitted to make "'common-sense conclusions about human behavior'" in determining the probability of criminal activity. Id. (quoting United States v. Cortez, 449 U.S. 411, 418 (1981)). In ascertaining the existence of probable cause, we "test what the totality of circumstances meant" to trained police officers. Hollis v. Commonwealth, 216 Va. 874, 877, 223 S.E.2d 887, 889 (1976).

The van transported Luna and the drugs to each transaction. "[P]olice may search an automobile . . . [in which] they have probable cause to believe contraband or evidence is contained." California v. Acevedo, 500 U.S. 565, 580 (1991). After Luna completed the drug sale, the police had probable cause to arrest him and to search the van for contraband. "[A]n officer may search an automobile incident to an arrest, even if the officer has not initiated contact while the arrestee was still in the automobile." United States v. Thornton, 325 F.3d 189, 194 (4th Cir. 2003).

The officers were entitled to maintain the status quo by temporarily detaining the van's occupants and patting them down for weapons. United States v. Sakyi, 160 F.3d 164, 169 (4th Cir. 1998) (police may remove and pat-down occupants of lawfully stopped vehicle when they have reasonable suspicion it contains drugs). See also Maryland v. Wilson, 519 U.S. 408, 415 (1997) (officer may order passenger out of lawfully stopped vehicle). The defendant concedes the police could remove him from the van.

As the police removed the defendant from the van, they saw cocaine in the door pocket beside the defendant's seat. At that point, the officers had probable cause to arrest the defendant for participating in the drug deal. The defendant was in the van with Luna and Delcid shortly after the second drug sale. On the last occasion, he sat in the front passenger seat while Luna talked on his cell phone and directed the detective to the meeting place. The defendant directed the detective toward Luna and indicated Luna was waiting. The defendant sat inches from a supply of cocaine. Based on the totality of circumstances, the trial court could find that the officers had probable cause to arrest the defendant. Accordingly, we affirm the conviction.

Affirmed.

- 4 -