COURT OF APPEALS OF VIRGINIA


Present:   Judges Humphreys, Felton and Kelsey
Argued at Richmond, Virginia


TAVARES LAMONT BROWN

                                                   MEMORANDUM OPINION[*] BY
v.        Record No. 0160-04-2              JUDGE WALTER S. FELTON, JR.
                                                        FEBRUARY 22, 2005
COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                            Beverly W. Snukals, Judge

            Gregory W. Franklin, Senior Appellate Defender (Office of the
            Public Defender, on briefs), for appellant.

            Amy L. Marshall, Assistant Attorney General (Jerry W. Kilgore,
            Attorney General, on brief), for appellee.


        Tavares Lamont Brown (appellant) was convicted of possession of heroin and possession of

cocaine, in violation of Code § 18.2-250.  On appeal, appellant contends the trial court erred in

denying his pretrial motion to suppress evidence seized from his person, namely a hand rolled

cigarette containing cocaine and a folded five-dollar bill containing heroin residue.  Appellant also

contends the evidence was insufficient to support his conviction for possession of heroin.  Finding

no error, we affirm appellant's convictions.

                                        BACKGROUND

        "On appeal, 'we review the evidence in the light most favorable to the Commonwealth,

granting to it all reasonable inferences fairly deducible therefrom.'"  Archer v. Commonwealth,

26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (citation omitted).  So viewed, the evidence

proved that around 7:30 a.m. on July 19, 2003, Richmond Police Officer Edward Lambert was

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

patrolling an area that had been the site of numerous serious crimes, including shootings and a recent homicide, when he noticed a red vehicle in an alley, blocking the throughway so that emergency vehicles could not pass. Police officers in this precinct routinely patrolled this area, a known high crime area, and regularly checked this particular alleyway. When Lambert pulled into the alley, four males, who had been standing together near the vehicle, immediately dispersed in different directions. As he approached the red car on foot, he noticed appellant asleep in the front passenger seat. Through the open car window, he saw a partially burned "hand rolled cigarette" and a disposable lighter in appellant's hand resting on his leg. Lambert testified that, in his experience as a nineteen-year veteran police officer, hand rolled cigarettes, such as that he saw in appellant's hand, always contained controlled substances. He removed the items from appellant's hand and awoke him. He sniffed the cigarette to determine whether it contained marijuana, but did not detect that odor. He testified, nevertheless, that based on his past experience, he was "certain" that the cigarette contained an illegal substance. During this time, appellant insisted that the cigarette contained only tobacco. Analysis by the state forensic lab established that the hand rolled cigarette contained cocaine residue.

After seizing the suspected contraband, Lambert asked appellant to step out of the car and provide identification. Appellant had no identification with him. The officer then searched appellant and found a five-dollar bill, folded into a one-inch square, in appellant's right front pants pocket. From his experience, Lambert suspected that the folded bill contained drugs. Appellant initially told Lambert that the folded five-dollar bill did not belong to him. However, at trial, appellant testified that he told the officer he didn't know where he obtained the folded bill. He also testified that he had won money in a card game, but could not remember if he had won this particular folded five-dollar bill. He testified that he stuffed the money he won in the card game into his pockets. He denied any knowledge that the folded bill contained heroin, but admitted he

was aware that "sometimes dollar bills are used to wrap up heroin." Lab analysis revealed that the five-dollar bill contained heroin residue.

The trial court denied appellant's motion to suppress the evidence, and thereafter convicted him of possession of heroin and possession of cocaine. In finding him guilty of possession of heroin, the trial court stated that it "did not find the defendant's testimony credible." The trial court observed the folded five-dollar bill when it was admitted into evidence, and noted that it was "very carefully folded and one that would be a very obvious difference than just being wadded up in your pocket." The trial court sentenced appellant to ten years imprisonment, suspending eight years and sixth months for the heroin conviction, and to ten years imprisonment for the cocaine conviction, with eight years suspended.

MOTION TO SUPPRESS

I.

"In reviewing a trial court's denial of a motion to suppress, 'the burden is upon [appellant] to show that the ruling, when the evidence is considered most favorably to the Commonwealth, constituted reversible error.'" McGee v. Commonwealth, 25 Va. App. 193, 197, 487 S.E.2d 259, 261 (1997) (*en banc*) (quoting Fore v. Commonwealth, 220 Va. 1007, 1010, 265 S.E.2d 729, 731 (1980)). In reviewing such a denial, "we consider the evidence adduced at both the suppression hearing and the trial." Blevins v. Commonwealth, 40 Va. App. 412, 420, 579 S.E.2d 658, 662 (2003), aff'd on other grounds, 267 Va. 291, 590 S.E.2d 365 (2004). On review of a motion to suppress, "we are bound by the trial court's findings of historical fact unless 'plainly wrong' or without evidence to support them and we give due weight to the inferences drawn from those facts by resident judges and local law enforcement officers." McGee, 25 Va. App. at 198, 487 S.E.2d at 261 (citing Ornelas v. United States, 517 U.S. 690, 699 (1996)). However, we review *de novo* the trial court's application of defined legal

standards such as probable cause and reasonable suspicion to the particular facts of the case. Ornelas, 517 U.S. at 699; Hayes v. Commonwealth, 29 Va. App. 647, 652, 514 S.E.2d 357, 359 (1999).

Appellant contends that Lambert lacked probable cause to seize the hand rolled cigarette from his hand while he was asleep and to search his pockets after he seized the cigarette. He argues that the seizure of the items in his hand and the subsequent search were unlawful and that, as a result, the drugs seized should not have been admitted into evidence. We disagree with appellant's contention and find that Lambert had probable cause to arrest appellant for possession of prohibited drugs and that the subsequent search of his person pursuant to that arrest was lawful.

An officer is authorized to make a warrantless arrest if he has probable cause to believe that a person has committed a crime. See Thompson v. Commonwealth, 10 Va. App. 117, 121, 390 S.E.2d 198, 201 (1990) (citation omitted). He may also search the individual incident to that lawful arrest. See DePriest v. Commonwealth, 4 Va. App. 577, 583, 359 S.E.2d 540, 543 (1987) (citation omitted). "To establish probable cause, the Commonwealth must show 'a probability or substantial chance of criminal activity, not an actual showing of such activity.'" Ford v. City of Newport News, 23 Va. App. 137, 143-44, 474 S.E.2d 848, 851 (1996) (quoting Illinois v. Gates, 462 U.S. 213, 243 n.13 (1983)); accord Michigan v. DeFillippo, 443 U.S. 31, 36 (1979) ("The validity of the arrest does not depend on whether the suspect actually committed a crime.").

> [P]robable cause is a flexible, common-sense standard. It merely requires that the facts available to the officer would "warrant a man of reasonable caution in the belief" that certain items may be contraband or stolen property or useful as evidence of a crime; it does not demand any showing that such a belief be correct or more likely true than false.

Texas v. Brown, 460 U.S. 730, 742 (1983) (citation omitted). "If an officer has reason to believe that a person is committing a felony in his presence by possessing contraband or a

- 4 -

controlled substance, the officer has probable cause to arrest the individual without a warrant." Buck v. Commonwealth, 20 Va. App. 298, 304, 456 S.E.2d 534, 536-37 (1995).

"'In determining whether probable cause exists courts will test what the totality of the circumstances meant to police officers trained in analyzing the observed conduct for purposes of crime control.'" Powell v. Commonwealth, 27 Va. App. 173, 177, 497 S.E.2d 899, 900 (1998) (quoting Hollis v. Commonwealth, 216 Va. 874, 877, 223 S.E.2d 887, 889 (1976)).

> A trial judge views the facts of a particular case in light of the distinctive features and events of the community; likewise, a police officer views the facts through the lens of his police experience and expertise. The background facts provide a context for the historical facts, and when seen together yield inferences that deserve deference.

Ornelas, 517 U.S. at 699. When testing the totality of circumstances, we give deference to the officer's understanding of the situation based on his training and experience. McGuire v. Commonwealth, 31 Va. App. 584, 593, 525 S.E.2d 43, 48 (2000). "[T]he unique perspective of a police officer trained and experienced in the detection of crime" is a relevant factor in judging the reasonableness of police conduct. Christian v. Commonwealth, 33 Va. App. 704, 714, 536 S.E.2d 477, 482 (2000) (*en banc*). An experienced police officer "may be able to perceive and articulate meaning in given conduct which would be wholly innocent to the untrained observer." Richards v. Commonwealth, 8 Va. App. 612, 616, 383 S.E.2d 286, 270-71 (1989).

The record reflects that Lambert's attention was first drawn to appellant when he observed a red car blocking an alley in a high crime area the officer had been instructed to patrol. See Welshman v. Commonwealth, 28 Va. App. 20, 32, 502 S.E.2d 122, 126 (1998) (*en banc*) (holding that "presence in a high crime area" may be a factor in evaluating criminal conduct (citing Brown v. Commonwealth, 15 Va. App. 232, 234 n.1, 421 S.E.2d 911, 912 n.1 (1992))). As he entered the alley, he observed four males standing near the car disperse in different directions. When he approached the car, he also observed appellant sleeping with a partially burned hand rolled cigarette

and a disposable lighter in his hand.  Based on his nineteen years experience in law enforcement, including three years of street level drug investigations, Lambert seized the cigarette from appellant's hand, believing that there was probable cause that it contained a controlled substance.  "[T]he police may lawfully seize an item that they discover in plain view if they 'have probable cause to believe that the item in question is evidence of a crime or contraband.'"  McNair v. Commonwealth, 31 Va. App. 76, 82-83, 521 S.E.2d 303, 307 (1999) (*en banc*) (quoting Conway v. Commonwealth, 12 Va. App. 711, 721, 407 S.E.2d 310, 316 (1991) (*en banc*)).

Although Lambert did not smell marijuana coming from the cigarette, he was "certain" from his training and police experience that it contained narcotics.  He admitted he knew of persons who smoked hand rolled cigarettes containing only tobacco, but further testified that, in his nineteen years of experience, he had never come across a hand rolled cigarette on the streets that did not contain a controlled substance.  Lambert testified that he had seized over a hundred such hand rolled items, and all of them had contained either marijuana or some other controlled substance.

Lambert's training and nineteen years of police experience provided a basis for him to believe there was probable cause that the partially burned hand rolled cigarette contained a controlled substance.

> The legal standard of probable cause, as the term suggests, relates to probabilities that are based upon the factual and practical considerations in everyday life as perceived by reasonable and prudent persons.  The presence or absence of probable cause is not to be examined from the perspective of a legal technician.  Rather, probable cause exists when the facts and circumstances within the officer's knowledge, and of which he has reasonably trustworthy information, alone are sufficient to warrant a person of reasonable caution to believe that an offense has been or is being committed.  In order to ascertain whether probable cause exists, courts will focus upon "what the totality of the circumstances meant to police officers trained in analyzing the observed conduct for purposes of crime control."

Taylor v. Commonwealth, 222 Va. 816, 820-21, 284 S.E.2d 833, 836 (1981) (quoting Hollis, 216 Va. at 877, 223 S.E.2d at 889) (citations omitted). Lambert was only required to have a reasonable basis to believe that it was probable, from the totality of the circumstances he observed, that the hand rolled cigarette contained a controlled substance.

Appellant contends that something greater than simple possession of a hand rolled cigarette is necessary to establish probable cause. He cites Hollis, in which the presence of some "furtive action" on the part of the accused, combined with the observation of what appeared to be drugs, was necessary to establish probable cause to arrest. Hollis, 216 Va. at 877, 223 S.E.2d at 889. Appellant argues that, unlike the defendant in Hollis, he did not make any furtive movements or efforts to hide the hand rolled cigarette[1] and that mere presence of the hand rolled cigarette alone does not establish probable cause. However, appellant's argument disregards the totality of circumstances relied upon by Lambert and accepted by the trial court in determining that probable cause existed.

Based on the totality of circumstances, including Lambert's lengthy police experience and particularly in street level drug investigations, the trial court concluded the officer had probable cause to seize the hand rolled cigarette, later found to contain cocaine residue, and therefore to arrest appellant. We conclude that the trial court did not err when it denied appellant's motion to suppress the hand rolled cigarette seized from appellant's hand.

II.

Appellant also contends that the officer unlawfully seized the folded five-dollar bill containing heroin from his front pocket. The Commonwealth concedes that Lambert seized appellant for purposes of Fourth Amendment analysis when he took the hand rolled cigarette from

---

[1] We note that appellant was asleep when the officer removed the partially burned cigarette from his hand.

appellant's hand and directed him to step out of the car. Lambert acknowledged that appellant was no longer free to leave from that point in time.

Because we conclude that the officer had probable cause to arrest appellant before he reached into his front pants pocket, the officer had authority to search appellant incident to that arrest. "'[S]o long as probable cause to arrest exists at the time of the search, . . . it is unimportant that the search preceded the formal arrest if the arrest followed quickly on the heels of the challenged search.'" Ross v. Commonwealth, 35 Va. App. 103, 107, 542 S.E.2d 819, 821 (2001) (quoting Carter v. Commonwealth, 9 Va. App. 310, 312, 387 S.E.2d 505, 506-07 (1990)).

We agree with the trial court's finding that:

> In looking at the totality of the circumstances and looking at the car blocking an alley, four males standing near the car and then dispersing when the police officer shows up, the fact that this gentlemen is sound asleep in the car at 7:30 a.m. in the morning, the fact that this officer testified that the smoking item in his experience of more than hundreds of times he's encountered the situation it has never contained just tobacco, his strong belief about the fact that it contained an illegal substance, I believe he had probable cause to arrest this individual and any search subsequent to that arrest was legal and valid.

Accordingly, the trial court did not err in denying appellant's motion to suppress the heroin recovered from the folded five-dollar bill found in his front pocket.

### SUFFICIENCY OF THE EVIDENCE

Appellant contends that the evidence presented at trial was insufficient to prove that he knowingly possessed the heroin recovered from the folded five-dollar bill.

"When a defendant challenges the sufficiency of the evidence on appeal, we must view the evidence and all reasonable inferences fairly deducible therefrom in the light most favorable to the Commonwealth." Ward v. Commonwealth, 264 Va. 648, 654, 570 S.E.2d 827, 831 (2002) (citation omitted).

"In order to convict a person of illegal possession of an illicit drug, the Commonwealth must prove beyond a reasonable doubt that the accused was aware of the presence and character of the drug and that the accused consciously possessed it." Walton v. Commonwealth, 255 Va. 422, 426, 497 S.E.2d 869, 871 (1998). "Physical possession giving the defendant 'immediate and exclusive control' is sufficient." Ritter v. Commonwealth, 210 Va. 732, 741, 173 S.E.2d 799, 805-06 (1970).

Lambert recovered the folded five-dollar bill from appellant's pocket during his post arrest search. Appellant initially told the officer that the folded bill was not his. However, he testified at trial that he might have won the money in a card game on the previous night, but was uncertain of whether the game was in fact the source of the folded five-dollar bill. Appellant admitted he was aware that heroin is sometimes packaged in folded dollar bills. From the evidence before it, the trial court concluded appellant was aware the folded five-dollar bill contained heroin. "The credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented." Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995). Here, the trial court did not believe appellant's self-serving statements. See Burke v. Commonwealth, 30 Va. App. 89, 93, 515 S.E.2d 777, 779 (1999).

In reviewing the record, we conclude that the evidence was sufficient to prove that appellant knowingly possessed the heroin.

For the foregoing reasons, we affirm.

Affirmed.