COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Decker, Judge O'Brien and Senior Judge Humphreys

DEANGELO BABARI WOODS

                                                        MEMORANDUM OPINION[*] BY
v.        Record No. 2018-23-2            CHIEF JUDGE MARLA GRAFF DECKER
                                                                  JUNE 17, 2025
COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF MECKLENBURG COUNTY
S. Anderson Nelson, Judge

(John A. Terry; Law Office of John A. Terry, PLLC, on brief), for
appellant.

(Jason S. Miyares, Attorney General; Linda R. Scott, Senior
Assistant Attorney General, on brief), for appellee.


DeAngelo Babari Woods appeals his convictions for possession of a Schedule II controlled

substance with intent to distribute, third or subsequent offense, and possession of marijuana with

intent to distribute in violation of Code §§ 18.2-248 and -248.1. He contends that the trial court

erred by denying his motion to suppress evidence found in a search of his car. He also raises a

limited argument suggesting that if the trial court erred by denying the motion to suppress the drugs,

the evidence was insufficient to support his convictions. We hold that the trial court did not err by

denying the motion to suppress. Consequently, we affirm the trial court's judgment.[1]

_____

[*] This opinion is not designated for publication. *See* Code § 17.1-413(A).

[1] Having examined the briefs and record in this case, the panel unanimously holds that
oral argument is unnecessary because "the appeal is wholly without merit." *See* Code
§ 17.1-403(ii)(a); Rule 5A:27(a).

BACKGROUND[2]

On January 14, 2021, Trooper Peter Dayton of the Virginia State Police tried to stop the driver of a white Chevrolet Malibu for speeding and eluding a law enforcement officer. Dayton contacted his "shift partner," Trooper William Dean, who was "very close" by, and asked for his assistance. Dayton described the white Malibu to him, and seconds later, a car matching that description came into Dean's view. He followed it into the parking lot of a convenience store, and he watched as a man and a woman got out and went inside the store.

Trooper Dean parked his patrol car and walked by the Malibu on his way into the store. He noticed that the driver's window was open "about three or four inches" and smelled a "heavy odor of marijuana" coming from the car. Dean went into the store, recognized Woods as the driver of the Malibu, and detained him and his passenger "for a traffic stop . . . for Trooper Dayton." Woods denied that he was the driver, so Dean asked the store's clerk to replay the surveillance video. The video confirmed that Woods was, in fact, the Malibu's driver and his female companion was the passenger. After seeing the video, Woods volunteered that the passenger "had nothing to do with anything." Trooper Dean asked "what . . . that mean[t]," but Woods did not answer.

When Trooper Dayton arrived at the store, he parked behind the Malibu, blocking it in. Dayton assumed responsibility for Woods and the passenger pursuant to the traffic stop, and Trooper Dean left the store to inspect the Malibu. From outside the driver's window, Dean saw "green plant" material and "a bud of marijuana . . . in plain view" on the driver's seat. He

---

[2] In reviewing the denial of a motion to suppress, the appellate court "state[s] the facts 'in the light most favorable to the Commonwealth, [the prevailing party at trial,] giving it the benefit of any reasonable inferences.'" *Hill v. Commonwealth*, 297 Va. 804, 808 (2019) (quoting *Commonwealth v. White*, 293 Va. 411, 413 (2017)).

believed the items were marijuana based on his training and experience. As a result, the troopers handcuffed Woods and his companion.

Trooper Dean then photographed the marijuana and searched the car's interior, where he found plastic baggies containing a white powder that field-testing showed was narcotics. He also found bags of suspected marijuana, a digital scale, and "packaging material." Subsequent laboratory testing determined that the substances in the car were marijuana and cocaine. Woods had $800 in cash, in various denominations, in the car and on his person.

Before trial, Woods made a motion to suppress evidence, contending that the search of his car violated his constitutional rights. The trial court found that Trooper Dean "smelled the strong odor of marijuana" coming from the Malibu, "s[aw] marijuana in plain view" inside it, and took photographs of the marijuana before opening the door and searching the car. The court also noted that at the time of the search in January 2021, marijuana use was illegal in Virginia and the odor of marijuana provided probable cause to search a motor vehicle. It concluded that the enactment of Code § 4.1-1302, which provided restrictions on using the odor of marijuana to establish probable cause for a search, was not retroactive and did not require exclusion of the contraband found in Woods's car. The court relied on the automobile exception to the warrant requirement to support its ruling upholding the warrantless search.

Following the denial of his motion to suppress, Woods was tried for possession of a Schedule II controlled substance with intent to distribute, third or subsequent offense, and possession of marijuana with intent to distribute. Investigator Rusty Gordon of the Mecklenburg County Sheriff's Office testified as an expert on drug distribution. Gordon estimated that the narcotics found in Woods's car had a total street value of almost $4,000. And he opined based on the evidence that the drugs were possessed for purposes of distribution and were inconsistent with

- 3 -

possession for personal use. Woods was convicted and was sentenced to a total of sixty years in prison with all but ten years suspended.

ANALYSIS

Woods contends that the trial court erred by denying his motion to suppress the drugs and other evidence found in his car. He also challenges the sufficiency of the evidence to support his convictions.

### I. Motion to Suppress

Woods argues that the police lacked legal justification for the warrantless search of his car. He suggests that neither the automobile exception nor the search-incident-to-arrest exception to the warrant requirement permitted the search.[3]

"In reviewing a trial court's denial of a motion to suppress, 'we determine whether the accused has met his burden to show that the trial court's ruling, when the evidence is viewed in the light most favorable to the Commonwealth, was reversible error.'" *Knight v. Commonwealth*, 71 Va. App. 771, 782 (2020) (quoting *Cantrell v. Commonwealth*, 65 Va. App. 53, 56 (2015)). "This Court is 'bound by the trial court's findings of historical fact unless plainly wrong or without evidence to support them.'" *Moreno v. Commonwealth*, 73 Va. App. 267, 274 (2021) (quoting *Williams v. Commonwealth*, 71 Va. App. 462, 475 (2020)). But "[t]he circuit court's application of such facts to . . . Fourth Amendment jurisprudence . . . is a question of law that [we] review[] de novo." *Durham v. Commonwealth*, ___ Va. ___, ___ (Aug. 1, 2024).

---

[3] We assume without deciding that Woods provided adequate argument and citation to authority regarding the automobile exception, the basis applied by the trial court, to comply with the requirements of Rule 5A:20(e). *See Morris v. Commonwealth*, 77 Va. App. 510, 517 n.2 (2023) (recognizing that "'where the ability of the Court to review an issue on appeal is in doubt[,] . . . "assum[ing] without deciding" that the issue can be reviewed' may allow the Court 'to resolve the appeal on the best and narrowest grounds'" (second and third alterations in original) (quoting *McGinnis v. Commonwealth*, 296 Va. 489, 501 (2018))).

Although activity implicating the Fourth Amendment generally requires "a warrant issued by an independent judicial officer," one of the well-delineated exceptions to this requirement is the "automobile exception." *California v. Carney*, 471 U.S. 386, 390 (1985); *see Collins v. Virginia*, 584 U.S. 586, 591-92 (2018). "Since the 1920s, our law has recognized an exception to the warrant requirement for automobile searches." *Durham*, ___ Va. at ___ (citing *Carroll v. United States*, 267 U.S. 132, 153 (1925)). Under this exception, law enforcement officers, "[b]efore making an arrest and without obtaining a search warrant, . . . may search a vehicle when they have probable cause to believe that the vehicle contains evidence of a crime." *Id.* at ___; *see Curley v. Commonwealth*, 295 Va. 616, 621 (2018). This is so, in part, because a vehicle is "readily movable," establishing the exigent circumstances necessary for a warrantless search. *Carney*, 471 U.S. at 391 (quoting *Chambers v. Maroney*, 399 U.S. 42, 51 (1970)).[4] Under the automobile exception, the law recognizes "no difference between . . . seizing and holding a car before presenting the probable cause issue to a magistrate and . . . carrying out an immediate search without a warrant. Given probable cause to search, either course is reasonable under the Fourth Amendment." *Chambers*, 399 U.S. at 52.

Woods contends that the evidence seized in Trooper Dean's search of his car should have been suppressed because "the Virginia General Assembly has since enacted legislation [providing] that the search of a vehicle can[]not be solely based on the odor of marijuana, a substance that has bee[n] legalized in many instances today."

---

[4] The automobile exception provides a bright-line rule. A vehicle "may be searched on the basis of probable cause to believe that it contains contraband[ without additional proof] of exigent circumstances." *United States v. Johns*, 469 U.S. 478, 484 (1985). "[T]he justification to conduct such a warrantless search does not vanish once the car has been immobilized; nor does it depend upon a reviewing court's assessment of the likelihood in each particular case that the car would have been driven away[] or . . . its contents . . . tampered with . . . ." *Michigan v. Thomas*, 458 U.S. 259, 261 (1982) (per curiam); *see United States v. Kelly*, 592 F.3d 586, 590-91 (4th Cir. 2010) (noting that the degree of control that police have over a car, its driver, and any passengers does not affect the application of the automobile exception).

The new legislation that Woods references prohibits a law enforcement officer from "lawfully . . . search[ing] . . . any person, place, or thing . . . solely on the basis of the odor of marijuana." Code § 4.1-1302(A). It further provides that "no evidence discovered or obtained pursuant to a violation of [the statute] shall be admissible in any trial." *Id.* The earliest version of this new legislation, however, took effect on March 1, 2021, about six weeks after the January 14, 2021 search of Woods's car. *See Montgomery v. Commonwealth*, 75 Va. App. 182, 188, 200 (2022); *Street v. Commonwealth*, 75 Va. App. 298, 304-05, 312 (2022).[5] Additionally, by its express terms, this legislation "could not be violated before [it] . . . took effect" on March 1, 2021, well *after* the January 2021 search at issue here. *See Street*, 75 Va. App. at 307, 312; *Montgomery*, 75 Va. App. at 200. The statute therefore did not apply to the search of Woods's car by Trooper Dean.

Further, Trooper Dean had more information than the mere odor of marijuana to support his probable-cause search of Woods's Malibu and the seizure of the drugs found inside it. Probable cause "is a 'flexible, common-sense standard.'" *Keene v. Commonwealth*, 74 Va. App. 547, 555 (2022) (quoting *Slayton v. Commonwealth*, 41 Va. App. 101, 106 (2003)). "Unlike a factfinder at trial, 'reasonable [police] officers need not "resolve every doubt . . . before probable cause is established."'" *Joyce v. Commonwealth*, 56 Va. App. 646, 660 (2010) (quoting *Slayton*, 41 Va. App. at 107). "It 'requires only a probability or substantial chance of criminal activity, not an actual showing of such activity.'" *District of Columbia v. Wesby*, 583 U.S. 48, 57 (2018) (quoting *Illinois v. Gates*, 462 U.S. 213, 244 n.13 (1983)). In short, probable cause to search a particular place "exists when 'there is a fair probability that contraband or evidence of a crime

---

[5] *Montgomery* and *Street* hold collectively that neither Code § 18.2-250.1(F), which was in effect from March 1 to June 30, 2021, nor Code § 4.1-1302(A), which took effect on July 1, 2021, applies to searches conducted before March 1, 2021. *See Montgomery*, 75 Va. App. at 188, 200; *Street*, 75 Va. App. at 304-05, 312.

will be found in [that] place.'" *Jones v. Commonwealth*, 277 Va. 171, 178 (2009) (quoting *United States v. Grubbs*, 547 U.S. 90, 95 (2006)).

In determining whether probable cause exists, courts look to the totality of the circumstances. *Gates*, 462 U.S. at 238; *see Durham*, ___ Va. at ___. Those circumstances, although viewed objectively, "allow[] officers to draw on their own experience and specialized training." *United States v. Arvizu*, 534 U.S. 266, 273 (2002); *see Curley*, 295 Va. at 622. "Observation of [suspected] contraband . . . openly exposed to view inside a vehicle is not a constitutionally proscribed search." *Hollis v. Commonwealth*, 216 Va. 874, 876 (1976). Consequently, anything an officer sees in "plain view" from outside the car is relevant in the totality-of-the-circumstances analysis. *See id.* at 876-77; *Daniels v. Commonwealth*, 69 Va. App. 422, 435 (2018) (explaining that a person has no reasonable expectation of privacy as to contraband in "plain view"). And "[u]nder the Fourth Amendment, 'probable cause may be supported by the detection of distinctive odors, as well as by sight." *Bunch v. Commonwealth*, 51 Va. App. 491, 496 (2008) (quoting *United States v. Haynie*, 637 F.2d 227, 233 (4th Cir. 1980)).

Here, Trooper Dean, from his position outside Woods's Malibu, smelled the "heavy odor of marijuana" coming from the partially open driver's window. From that same position, he saw what he believed were marijuana leaves and a marijuana bud on the driver's seat. He based these conclusions on his training and experience as a law enforcement officer. Dean also knew that Woods initially denied he was the Malibu's driver and then, once Woods saw surveillance video showing him getting out of the driver's seat, he volunteered that the passenger was not involved. The distinctive odor of marijuana, coupled with a marijuana bud and leaves in plain view inside the car, as well as Woods's statements showing his awareness that his identity as the driver was incriminating, provided Trooper Dean with probable cause to enter the car, seize the suspected

marijuana, and search the car for additional contraband. *See id.* at 496-97 (validating the use of plain-view and plain-smell principles to establish probable cause); *cf. Daniels*, 69 Va. App. at 428, 435-36 (upholding the seizure of a distinctive "bundle of heroin" in plain view inside a car). Because probable cause supported the trooper's search of the car under the automobile exception to the warrant requirement, Woods's argument that the search-incident-to-arrest exception did not apply to justify the search is irrelevant. *Cf. Duncan v. Commonwealth*, 55 Va. App. 175, 179 (2009) (assuming without deciding that a warrantless search was not justified as one incident to arrest and upholding it under the automobile exception).

We hold the trial court did not err by denying Woods's motion to suppress the evidence found during the search of his car.

## II. Sufficiency of the Evidence

The appellant challenges the sufficiency of the evidence to support his convictions. He expressly concedes, however, that these sufficiency claims rest solely on the outcome of his challenge to the search of his car. Accordingly, because we conclude the search was lawful, we do not consider these assignments of error.

## CONCLUSION

We hold that the trial court did not err by denying Woods's motion to suppress evidence found in a search of his car. Further, as a result, we do not address his limited claims that the evidence was insufficient to support his convictions. Consequently, the trial court's judgment is affirmed.

*Affirmed.*