## Richmond

CLARENCE LAWSON v. COMMONWEALTH OF VIRGINIA.

October 8, 1976.

Record No. 760216.

Present, All the Justices.

*F. Lee Cogdill,* for plaintiff in error.

*Jim L. Chin, Assistant Attorney General (Andrew P. Miller, Attorney General,* on brief), for defendant in error.

Harrison, J., delivered the opinion of the court.

Clarence Lawson was indicted for possession of heroin in violation of Code § 54-524.101:2 [now Code § 18.2-250]. The defendant, having waived trial by jury, was tried by the court, found guilty and sentenced to eight years confinement in the penitentiary. The court suspended two years of the sentence.

Lawson has appealed, claiming that the officers did not have probable cause to arrest him or to search the automobile in which he was riding.

On April 10, 1975, about 5:30 p. m., an unidentified informant telephoned Detective T. W. Morgan of the Hampton Police Department and told him that Clarence Lawson and Harold Butts were in a maroon and white 1973 Oldsmobile Toronado automobile bearing New Jersey license plate number 660 AMO, owned by Butts, and that together they were selling heroin at Hampton Institute. The testimony of the officer is not clear whether the informant stated that the parties were selling heroin or that they were observed with heroin in the car. Detective Morgan was personally familiar with both Lawson and Butts and with the automobile. He testified that at times the car had borne New Jersey license plates and at other times Virginia license plates had been attached. For that reason, Detective Morgan was not satisfied that the informant had given him the correct license plate number which was then attached to the car and, therefore, did not procure a search warrant. The officer did proceed to Hampton Institute but failed to locate the vehicle.

About 8:45 p. m. on the same day, Morgan, while on routine patrol, saw Butts' car stopped for a red light at an intersection. The detective said he approached the automobile, recognized Butts as the driver and Lawson as the passenger, exhibited his badge, knocked on the window and identified himself as a police officer. Morgan testified that "Mr. Lawson turned around, locked the passenger's door of the vehicle. At which time I observed a small yellow bag being passed between the passenger and the driver. The bag was thrown on the floor on the passenger's side of the vehicle." Morgan then took out his pistol and knocked with it on the window and demanded that the door be opened. Lawson complied and Morgan reached into the vehicle, retrieved the bag, opened it and identified the contents as resembling marijuana. The bag was in fact a small (1 $\frac{1}{2}$ inches by 2 $\frac{1}{3}$ inches) yellow manila envelope and, although its contents were not visible until the envelope was opened, the detective testified that it looked like a "nickel bag of marijuana". Upon searching Lawson the detective found another envelope in defendant's left front pocket with six pieces of folded aluminum foil in it. The contents of the foil packages were subse-

quently established to be heroin and resulted in the prosecution under review.

If Morgan had probable cause to believe that there was contraband in the yellow envelope, he had the right to seize it, and, when its contents appeared to be marijuana, to arrest Lawson for its possession. Incident to this arrest the officer also had a right to make a search of Lawson's person and to seize the foil packets.

Our decision in *Hollis* v. *Commonwealth*, 216 Va. 874, 223 S.E.2d 887 (1976), controls the disposition of the instant case. The detective in *Hollis* testified that "he received information from a known reliable informant that a yellow Mustang automobile, bearing District of Columbia license plates, was transporting drugs from another part of the state to the area of Azalea and Chamberlayne Avenues, in the City of Richmond". The informant told the detective that the information had been given to the informant in a telephone conversation, the source and nature of which were not disclosed. When the officer investigated he found the described automobile parked in the designated area. As he drove by he activated a hand spotlight on the automobile and observed Hollis, seated in the passenger seat, remove what appeared to be a hand-rolled cigarette from his mouth and throw it to the floor of the car. The detective testified that from his experience in narcotics cases he had found such a movement to be one made by people trying to rid themselves of contraband. The detective then got out of his police car, went to the passenger side of the Mustang, shined the spotlight on the floor of the vehicle and there saw the cigarette, which appeared to him to be a marijuana cigarette. He opened the car door, smelled marijuana, seized the cigarette and arrested Hollis for possession of marijuana. A subsequent search of a bag lying on the car seat beside Hollis revealed quantities of LSD and marijuana which the detective also seized. We held that this bag was properly searched and that the narcotics found therein and seized by the officers were admissible in evidence against Hollis.

While in *Hollis* the information furnished the officers by an informant had, in turn, been furnished the informant by an unnamed and unidentified source, here the information furnished Detective Morgan came from one who personally observed either the sale or the possession of narcotics by Lawson

and Butts. In *Hollis* the operator and passenger of the Mustang automobile were not identified by the informant, or personally known by the detective. In the case under review the integrity of the information furnished Morgan by the informant, insofar as it related to the names of Lawson and Butts, the make, model and type of vehicle being used, and the license plates likely attached to the car, was immediately established from personal knowledge of the detective.

■ Assuming that the information furnished Morgan by the informant was insufficient to support the issuance of a warrant or, standing alone, to give the officer probable cause to make a warrantless search of the vehicle, the information called for a police investigation. *Cf. McKoy* v. *Commonwealth*, 212 Va. 224, 227, 183 S.E.2d 153, 156 (1971). The officers here had an "articulable reason" for making "an investigative confrontation" with the defendant. *See People* v. *DeBour*, 40 N.Y.2d 210, 386 N.Y.S.2d 375, 352 N.E.2d 562 (1976).

■ When such investigation and confrontation subsequently occurred substantially all the information supplied Morgan by the informant was verified, except that the car had been moved from the campus of Hampton Institute to the intersection of King and Pembroke Streets and was then heading toward Newport News. The automobile was a 1973 Oldsmobile Toronado; it bore New Jersey license plate number 660 AMO; and it was being operated by its owner, Harold Butts, with the defendant Clarence Lawson as a passenger.

In *Hollis* the furtive gesture by the defendant was his attempt to rid himself of, or to hide from view, a hand-rolled cigarette which appeared to be a marijuana cigarette. In the instant case, the furtive and suspicious action of Lawson consisted of his locking the passenger door of the automobile so that it could not be opened by the police officer; the passage between Lawson and Butts of a yellow envelope; and the act of throwing it to the floor on Lawson's side of the vehicle. The defendant and Butts remained in the car until the detective took out his pistol, knocked with it on the window and demanded that the door be opened. The officer thought that the small yellow envelope, which the parties were juggling and attempting to discard, looked like a "nickel bag of marijuana". Significantly here, Lawson never permitted any investigation or questioning by the

officer until he had rid himself of the envelope which contained the marijuana and until the officer exhibited his pistol.

In *Hollis, supra,* 216 Va. at 876-77, 223 S.E.2d at 889, we said:

"From the evidence, which, in accordance with familiar principles, we have viewed in the light most favorable to the Commonwealth, we conclude that Cox's observations before he opened the door to the Mustang were sufficient to establish probable cause to search the car for marijuana. As an articulated legal standard, probable cause deals with probabilities concerning the factual and practical considerations in everyday life as perceived by reasonable and prudent persons. It is not predicated upon a clinical analysis applied by legal technicians. *Brinegar* v. *United States,* 338 U.S. 160 (1949); *Schaum* v. *Commonwealth,* 215 Va. 498, 211 S.E.2d 73 (1975). In determining whether probable cause exists courts will test what the totality of the circumstances meant to police officers trained in analyzing the observed conduct for purposes of crime control. *Davis* v. *United States,* 409 F. 2d 458 (D.C. Cir. 1969)."

The police investigation of defendant Lawson was fully warranted by the information transmitted to Morgan by an informant. It was during this investigation that the officer observed furtive conduct by the defendant consistent with actions the officer had observed by persons having possession of narcotics. The "totality of the circumstances" combined here to provide the necessary probable cause to search the car without obtaining a warrant. Numerous authorities supporting this conclusion were relied upon and cited in *Hollis* v. *Commonwealth, supra.* Insofar as *Oglesby* v. *Commonwealth,* 213 Va. 247, 191 S.E.2d 216 (1972), relied upon by defendant,[1] is in conflict with this opinion, *Oglesby* is expressly overruled.

◼ Having decided that the officer had probable cause to seize the envelope which contained marijuana and to arrest Lawson for the possession thereof, we further hold that the warrantless

---

[1] Our opinion in *Hollis* v. *Commonwealth, supra,* had not been rendered when the case under review was tried in the lower court.

search of Lawson's person incident to the arrest was proper, and that the narcotics found on his person and seized by the officer were admissible in evidence against him.

Accordingly, the judgment of the lower court is

*Affirmed.*