COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Moon, Judges Coleman and Bray
Argued at Norfolk, Virginia

COMMONWEALTH OF VIRGINIA
                                    MEMORANDUM OPINION* BY
v.          Record No. 0298-96-1    JUDGE SAM W. COLEMAN III
                                          JUNE 25, 1996
EDDIE D. JOHNSON

              FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
                     Everett A. Martin, Jr., Judge

              Marla Graff Decker, Assistant Attorney
              General (James S. Gilmore, III, Attorney
              General, on brief), for appellant.

              Steven A. Mirman (Stowe & Stanton, P.C., on
              brief), for appellee.


        Eddie D. Johnson was indicted for possession of cocaine with

intent to distribute in violation of Code § 18.2-248.  Prior to

trial, the trial court granted Johnson's motion to suppress the

cocaine, and the Commonwealth appealed the court's ruling

pursuant to Code § 19.2-398(2).  The Commonwealth contends that

Johnson was not seized in violation of the Fourth Amendment

before he discarded and abandoned a "pill bottle" containing the

cocaine that was suppressed.  We hold that the initial encounter

between the defendant and the police was consensual and that the

police had probable cause to arrest the defendant when he

attempted to discard the pill bottle containing cocaine.

Accordingly, we reverse the trial court's ruling and remand the

_____
        * Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

case for trial on its merits.

On May 23, 1995, the Norfolk Police Department received a tip from an anonymous caller that "two black males [were] standing on the porch of 249 West 28th Street selling [crack cocaine]." The only description the caller gave of the men, other than their race, "was a very basic clothing description." This information was broadcast over the police radio, and Officers David S. Barber and Harry D. Boone responded to the reported location. Officer Barber testified that the neighborhood was known for drug activity and that he had made previous narcotics arrests at the same address.

When the officers arrived at the address, they observed two black males, one of whom was the defendant, on the front porch. The officers stated that the address is a boarding house and that there is a no-trespassing sign at the front entrance. Officer Barber testified that he "knew quite a few of the people that live there," and that he did not recognize either the defendant or the other man as residents of the house.

The officers approached the men who were on the porch and asked if they lived at the house. The men responded that they did not. Although the officers did not ask the men if they were visiting the house, Officer Barber testified that the men were not free to leave "because of the no-trespassing sign." However, the officer did not tell the defendant or his companion that they were not free to leave.

The officers explained to the defendant that the police had received a call reporting that persons were selling drugs at that location and the officers asked the men if they could pat them down for weapons.  Both men consented.  The defendant turned around "and spread out in a position that [the police] commonly use to search people."  Officer Barber asked the defendant if he had any narcotics, but the defendant did not respond.

Officer Barber proceeded to pat down the defendant, who was wearing a t-shirt and shorts.  When Officer Barber "came around to the front of the shorts, [he] could feel inside the shorts in [the defendant's] groin area what appeared to [him] to be a pill bottle or a film canister."  Officer Barber testified that, based upon his prior experience, pill bottles were commonly used for packaging cocaine in the neighborhood where the boarding house was located.

When Officer Barber touched the defendant's groin area, the defendant pushed back from the porch railing and bumped into Barber, knocking him slightly off balance.  Then, the defendant reached into his shorts and removed a prescription pill bottle. Officer Boone grabbed the defendant's arm, and the defendant threw the bottle to the ground.  The defendant attempted to flee, but was subdued by the officers after a lengthy struggle.  It was later determined that the pill bottle the defendant discarded contained cocaine.

The trial court found that the anonymous tip did not provide

the police with reasonable suspicion to conduct a Terry stop, and that the police did not have probable cause to arrest the defendant for trespassing because they did not determine whether he was visiting someone at the boarding house. In addition, the court found that the defendant's consent to a pat down search was limited to a search for weapons, that the defendant withdrew his consent when Officer Barber searched his groin area, and that the defendant was seized before he abandoned the pill bottle containing the cocaine.

When the Commonwealth appeals the trial court's ruling on a motion to suppress, "[w]e view the evidence in a light most favorable to [the defendant], the prevailing party below, and we grant all reasonable inferences fairly deducible from that evidence." Commonwealth v. Grimstead, 12 Va. App. 1066, 1067, 407 S.E.2d 47, 48 (1991). The trial court's decision will not be disturbed on appeal "unless it is plainly wrong." Id.

Here, credible evidence supports the trial court's finding that the police officers did not have reasonable suspicion to conduct a Terry stop or probable cause to arrest the defendant for trespassing. Likewise, the evidence, viewed in the light most favorable to the defendant, supports the court's findings as to the scope and withdrawal of the defendant's consent to a pat down search, and the abandonment of the pill bottle. Nevertheless, the decision granting the motion to suppress was plainly wrong because the evidence shows that the defendant was

not seized for Fourth Amendment purposes until after he removed the pill bottle from his shorts and began to discard it, and at that point, probable cause existed for the police officer to make an arrest.

As the defendant concedes, his initial encounter with Officers Barber and Boone was consensual. The officers approached the defendant and his companion and asked them whether they lived in the boarding house. The officers then explained that they were investigating a report of drug dealing, but the officers did not specifically identify the defendant or the companion as suspects. When asked to submit to a search for weapons, the men consented and stated that "they had nothing to hide." In fact, the defendant not only consented to the search, but grabbed the porch railing "and spread out in a position that [the police] commonly use to search people." See Camden v. Commonwealth, 17 Va. App. 725, 727, 441 S.E.2d 38, 39 (1994) (finding that the accused "not only agreed to [the officer's] request for a weapons pat down, but . . . also began removing items from his pockets"). Although the police officers testified that they were investigating the defendant for trespassing and that he was not free to leave, they did not communicate this to the defendant. Because the relevant inquiry is whether "in view of all of the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave," United States v. Mendenhall, 446 U.S. 544, 554, 100

S. Ct. 1870, 1877, 64 L.Ed.2d 497 (1980), the unexpressed subjective intent of the officers was irrelevant for the purpose of determining whether the Fourth Amendment was implicated. Id. at 554 n.6, 100 S. Ct. at 1877 n.6; see also United States v. Archer, 840 F.2d 567, 572 (8th Cir.), cert. denied, 488 U.S. 941, 109 S. Ct. 365, 102 L.Ed.2d 354 (1988).

Officer Barber did not have authority or consent to remove the object that he felt in the defendant's groin area. The scope of the consensual search was limited to a search for weapons and Officer Barber acknowledged that the object could not have been a weapon. See Harris v. Commonwealth, 241 Va. 146, 151-52, 400 S.E.2d 191, 194-95 (1991); Camden, 17 Va. App. at 727, 441 S.E.2d at 39-40. Nevertheless, Officer Barber did not exceed the scope of the consensual search by searching the defendant's groin area. It is "objectively reasonable" for a police officer to believe that permission to conduct a pat down search for weapons includes permission to pat down the groin area. See Grinton v. Commonwealth, 14 Va. App. 846, 851, 419 S.E.2d 860, 862 (1992). Barber testified that based upon his experience as a police officer, he knew that people hid a variety of items in their groin area. Furthermore, the evidence does not indicate that Officer Barber expanded the scope of the search after he felt the object in the defendant's groin area.

The defendant reacted immediately to Officer Barber's search of his groin area by pushing himself away from the railing and

bumping into Barber, removing the pill bottle from his shorts, and attempting to throw the bottle to the ground. At that point, Officer Boone grabbed the defendant's arm and a lengthy struggle ensued. Therefore, the dispositive question is whether the officers had probable cause to arrest the defendant when Officer Boone grabbed his arm.

In determining whether there was probable cause to make an arrest, "the test of constitutional validity is whether at the moment of arrest the arresting officer had knowledge of sufficient facts and circumstances to warrant a reasonable man in believing that an offense has been committed." DePriest v. Commonwealth, 4 Va. App. 577, 583-84, 359 S.E.2d 540, 543 (1987) (quoting Bryson v. Commonwealth, 211 Va. 85, 86-87, 175 S.E.2d 248, 250 (1970)), cert. denied, 488 U.S. 985, 109 S. Ct. 541, 102 L.Ed.2d 571 (1988). Here, Officer Barber did not have probable cause to arrest the defendant when he felt what appeared to be a film canister or pill bottle in the defendant's shorts because film canisters and pill bottles have legitimate uses. Harris, 241 Va. at 154, 400 S.E.2d at 196. Nevertheless, Officer Barber would have been justified in questioning the defendant about the object he felt in the shorts because he was aware that the common practice in that neighborhood was to package cocaine in pill bottles. Before Officer Barber could investigate further, however, the defendant grabbed the bottle and attempted to discard it. See Lawson v. Commonwealth, 217 Va. 354, 357-58, 228

S.E.2d 685, 687 (1976).

In Lawson, the police officer approached the vehicle in which Lawson was a passenger to investigate an anonymous report of drug dealing. Lawson locked the passenger door as the officer approached, and the officer witnessed Lawson and the driver exchange an envelope that was later discarded on the floor of the passenger's side of the vehicle. Id. at 357, 228 S.E.2d at 687. The Supreme Court held that the officer had "articulable reason" to investigate the anonymous report and that the furtive gestures he witnessed gave him probable cause to seize the envelope and arrest Lawson. Id. at 357-58, 228 S.E.2d 687-88; see also Hollis v. Commonwealth, 216 Va. 874, 876, 223 S.E.2d 887, 889 (1976). Likewise, the furtive gestures that Officers Barber and Boone witnessed prior to seizing the defendant, combined with the anonymous report of drug dealing, the high incidence of drug activity in the neighborhood, and Officer Barber's pat down search of the defendant's groin area, were sufficient to warrant a reasonable person in believing that an offense was being committed.

Because the police officers had probable cause to arrest the defendant at the time he was seized, the trial court erred by granting the motion to suppress the cocaine found in the pill bottle. Accordingly, we reverse the trial court's ruling and remand the case for trial.

Reversed and remanded.

- 8 -