COURT OF APPEALS OF VIRGINIA


Present:   Judges Haley, Petty and Powell
Argued at Salem, Virginia


EARL LAMONT BOXLEY, SR.
                                                    MEMORANDUM OPINION[*] BY
v.         Record No. 0342-08-3                      JUDGE CLEO E. POWELL
                                                        MARCH 10, 2009
COMMONWEALTH OF VIRGINIA


                    FROM THE CIRCUIT COURT OF THE CITY OF LYNCHBURG
                               Mosby G. Perrow, III, Judge

              Keith Orgera, Assistant Public Defender (Office of the Public
              Defender, on brief), for appellant.

              Donald E. Jeffrey, III, Senior Assistant Attorney General (Robert F.
              McDonnell, Attorney General, on brief), for appellee.


       Earl Lamont Boxley, Sr., appellant, was convicted of possession of cocaine, in violation of

Code § 18.2-250, possession of an imitation Schedule I or II drug with the intent to distribute, in

violation of Code § 18.2-248, and obstruction of justice, in violation of Code § 18.2-460.  On

appeal, he argues that the trial court erred in denying appellant's motion to suppress because the

police did not have probable cause to arrest him.  Appellant further contends that even if the trial

court did not err in denying his motion to suppress, the evidence was insufficient to support a

conviction for possession of cocaine because the Commonwealth failed to prove that he knew the

nature and character of the substance and because the nexus between him and the recovered item

was inadequate.  He also argues that the evidence was not sufficient to convict him of possession

of an imitation Schedule I or II controlled substance with the intent to distribute because the

Commonwealth's evidence failed to prove that he intended to distribute the imitation drugs.

_____
       [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Finally, appellant asserts that the evidence was insufficient to prove obstruction of justice because he merely made the task more difficult for officers attempting to arrest him. We disagree with appellant's arguments and affirm his convictions.

## I. BACKGROUND

During the afternoon on May 17, 2007, Captain H.W. Duff, an officer with fifteen years experience and five years as a vice narcotics officer working undercover purchasing drugs, responded to a report of a fight at a residence in Lynchburg. After responding initially, Captain Duff left the scene and drove one block south and then walked to a spot approximately one to two hundred feet from the residence. From his vantage point across the street hidden behind a car, Captain Duff had an unobstructed view. Based on his experience, Captain Duff knew this area "to be [an] open-air drug market area[], plus there are several drug houses in the area as well where people come to purchase illicit narcotics."

After the uniformed officers left the area, Captain Duff saw Earl Lamont Boxley, appellant, and an unidentified man moving furniture and bags of trash on the front porch of the residence. Boxley left the front porch and searched in bushes in front of and to the left of the porch. Captain Duff observed the unidentified man, who was on the porch, hand Boxley "something that appeared to be white." The captain could not tell what the small item was. Boxley took the item from the unknown man, examined it briefly, and put it in his "right front shorts pocket." The men then stopped searching.

Captain Duff then saw a Ford F150 pickup truck pull in front of the residence and saw Boxley approach the passenger's side. Captain Duff could not hear the conversation. He saw Boxley reach into the truck and then remove his hand. The captain did not observe any transaction. Boxley was at the truck for no more than two minutes.

After the truck left, Captain Duff saw Boxley remove "what appeared to be a rolling paper from his right front pants pocket." He saw Boxley crumble a substance between his index finger and his thumb into the rolling paper. Boxley then rolled a "hand-rolled cigarette, [] licked it," and then smoked it. Captain Duff could not tell what the substance was, but he believed from his experience that Boxley rolled a marijuana cigarette. He believed this because "marijuana is typically clumped up plant material; and by crumbling it[,] it makes it smoother and it fits into the rolling paper better. Those actions that I observed from him were consistent with actions I've seen with people rolling marijuana cigarettes in the past." Also, the captain had previous encounters with Boxley and knew Boxley had a history with narcotics and firearms.

Captain Duff called a fellow officer, Tim Clements, and told him what he saw. Captain Duff told Officer Clements "that based on what [he] had seen [he] believed that [Boxley] was in possession of cocaine and marijuana, and [he] called the officers to come up and investigate [his] observations." Officer Martin estimated that he and Officer Clements arrived on scene approximately thirty seconds after receiving the information from Captain Duff.

When the officers arrived, they saw a couple of men standing on the residence's front porch. Boxley was smoking a cigarette on the public sidewalk, just to the left of the porch. As soon as the officers began to exit their car, Boxley ran to the porch. Officer Martin commanded Boxley to stop. He was trying to open the door and enter the house when the officers detained him. When Boxley ran to the porch, he had not yet tossed the cigarette, but he no longer had it when he tried to open the front door with both hands.

Captain Duff joined the struggle that ensued between Boxley and the arresting officers. Boxley kicked his legs and appeared to be trying to roll over. He repeatedly tried to put his hands in his pockets. During the incident, Officer Martin was cut.

After the officers restrained Boxley and stood him up, Captain Duff recovered a hand-rolled cigarette lying on the porch right beside where Boxley was taken into custody. When analyzed the cigarette was tobacco laced with cocaine. Captain Duff then searched Boxley and removed a plastic bag containing several pieces of a white substance from Boxley's pocket.[1]

When Officer Martin removed the item from Boxley's pocket, Boxley said, "[i]t's fake, it's not real." Boxley told the officers that he found the drugs on the porch and believed it belonged to another man who was asleep inside the house. Boxley said that he planned to return the bag to him. Later he said he intended to throw the bag away. Boxley denied selling drugs or imitation drugs.

## II. ANALYSIS

### A. DENIAL OF BOXLEY'S MOTION TO SUPPRESS

When an appellant challenges the trial court's denial of his motion to suppress, this Court applies a *de novo* review to determinations of reasonable suspicion and probable cause. Ornelas v. United States, 517 U.S. 690, 699 (1996). Boxley must demonstrate that the trial court's denial of his motion to suppress is reversible error when the evidence is viewed in the light most favorable to the Commonwealth. McGee v. Commonwealth, 25 Va. App. 193, 197, 487 S.E.2d 259, 261 (1997) (*en banc*) (quoting Fore v. Commonwealth, 220 Va. 1007, 1010, 265 S.E.2d 729, 731 (1980)).

"Probable cause does not require 'an actual showing,' but, rather, 'only a probability or substantial chance of criminal activity.'" Purdie v. Commonwealth, 36 Va. App. 178, 185, 549 S.E.2d 33, 37 (2001) (quoting Illinois v. Gates, 462 U.S. 213, 243 n.13 (1983)). We review the "totality of the circumstances" to determine whether officers had probable cause to arrest.

---

[1] The officers did not know how much the bag weighed.

Yancey v. Commonwealth, 30 Va. App. 510, 516, 518 S.E.2d 325, 328 (1999). "Probable cause exists when 'there is a fair probability that contraband or evidence of a crime will be found in a particular place.'" United States v. Grubbs, 547 U.S. 90, 95 (2006) (quoting Gates, 462 U.S. at 238).

Here, officers encountered appellant in an area where people were known to buy and sell drugs and Captain Duff knew that Boxley had a history with narcotics. The captain's experience led him to believe that appellant rolled a marijuana cigarette because he observed the appellant remove "what appeared to be a rolling paper from his right front pants pocket" and crumble a substance between his forefinger and thumb into the paper, which he rolled into a "hand-rolled cigarette, [] licked it," and smoked it. Captain Duff elaborated,

> Granted there are many people who smoke tobacco in rolling papers, they roll their own cigarettes; however, I have actually observed people hand-roll marijuana cigarettes.
>
> The marijuana is typically clumped up plant material; and by crumbling it[,] it makes it smoother and it fits into the rolling paper better. Those actions that I observed from him were consistent with actions I've seen with people rolling marijuana cigarettes in the past.

Moreover, when the officers excited their vehicle, appellant ran. When they apprehended him on the porch, he no longer had the cigarette.

Recently, the Supreme Court of Virginia reiterated that the observation of a hand-rolled cigarette is insufficient to provide probable cause to arrest. Buhrman v. Commonwealth, 275 Va. 501, 507-08, 659 S.E.2d 325, 329 (2008); see also Brown v. Commonwealth, 270 Va. 414, 420-21, 620 S.E.2d 760, 763 (2005). In Buhrman, an officer encountered the defendant in a convenience store in a "high-drug" area. 275 Va. at 503, 659 S.E.2d at 326. The defendant appeared to fall asleep while operating the frozen drink machine and while walking. Id. at 503-04, 659 S.E.2d at 326. The officer approached defendant and asked her for identification.

Id. at 504, 659 S.E.2d at 326. The defendant complied and while she was getting the information for the officer, the officer saw hand-rolled cigarettes in the door handle of defendant's car. Id. The officer believed the cigarettes contained marijuana and arrested defendant based on this belief. Id. The Supreme Court of Virginia reversed defendant's conviction and held that, in light of the totality of the circumstances, the officer did not have probable cause. Id. at 507-08, 659 S.E.2d at 329.

In Brown, an officer on patrol spotted Brown's car parked in an alley in such a way that emergency vehicles would be unable to pass. 270 Va. at 417, 620 S.E.2d at 761. As the officer approached the vehicle, four men dispersed in different directions. Id. The officer found Brown asleep in the car holding a "partially-burned, hand-rolled cigarette in one hand and a lighter in the other." Id. Boxley's case differs significantly from Brown's. In Brown, the only evidence the officer had to rely on in support of probable cause was his experience with controlled substances and his observation of a "partially-burned, hand-rolled cigarette" in Brown's hand. Id. at 419-20, 620 S.E.2d at 762-63.

Notably, in Brown, the Supreme Court explained that

> We have found that the requisite probable cause for a warrantless search of a vehicle existed based on the police officer's belief that a hand-rolled cigarette held by a passenger contained marijuana combined with the passenger's actions in attempting to hide or get rid of the hand-rolled cigarette. Hollis [v. Commonwealth], 216 Va. [874,] 877, 223 S.E.2d [887,] 889 [(1976)]. In Lawson v. Commonwealth, 217 Va. 354, 355, 228 S.E.2d 685, 686 (1976), the officer testified that he observed a yellow bag that "looked like a 'nickel bag of marijuana.'" We concluded that the totality of the circumstances supported a finding of probable cause to arrest a passenger in a vehicle because officers observed the driver and passenger repeatedly pass the yellow bag between them and the passenger locked the car door as the officers approached the car. Id. at 357-58, 228 S.E.2d at 687.

270 Va. at 420, 620 S.E.2d at 763.

These cases show that for the last 25 years, this Court has consistently declined to find that probable cause can be established solely on the observation of material which can be used for legitimate purposes, even though the experience of an officer indicates that such material is often used for illegitimate purposes. To support a finding of probable cause, such observations must be combined with some other circumstance indicating criminal activity. This requirement is consistent with that of many other jurisdictions that have considered the issue.

Id. at 420-21, 620 S.E.2d at 763.

In this case, the officers observed much more than the officers had in either Buhrman or Brown. Here, the officer actually observed Boxley crumble a plant material consistent with what he had observed people do when rolling marijuana cigarettes. Importantly, here, not only did Captain Duff observe Boxley forming the hand-rolled cigarette from what he believed to be marijuana, but similar to the defendant in Hollis, throwing the cigarette on the floor and the defendant in Lawson, locking the door and throwing the envelope on the floor. Boxley ran when officers approached him and discarded the cigarette. In addition, Captain Duff was familiar with Boxley and knew he had a history with narcotics. Here, therefore, consistent with our Supreme Court's decisions in Hollis, 216 Va. at 878, 223 S.E.2d at 890, and Lawson, 217 Va. at 358-59, 228 S.E.2d at 688, viewing the totality of the circumstances in the light most favorable to the Commonwealth, the evidence was sufficient to arrest Boxley for possession of a controlled substance, and all evidence subsequently recovered was properly admitted.

B. SUFFICIENCY OF THE EVIDENCE

Upon an appellant's challenge to the sufficiency of the evidence, we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences that flow therefrom. Welch v. Commonwealth, 271 Va. 561, 558, 628 S.E.2d 340, 341 (2006). We will affirm the trial court's ruling unless it is plainly wrong or without evidence to support it.

Jordan v. Commonwealth, 273 Va. 639, 645, 643 S.E.2d 166, 169-70 (2007) (citing Code § 8.01-680).

### 1. OBSTRUCTION OF JUSTICE

> "To constitute obstruction of justice of an officer in the performance of his duty, it is not necessary that there be an actual or technical assault upon the officer, but there must be acts clearly indicating an intention on the part of the accused to prevent the officer from performing his duty, as to 'obstruct' ordinarily implies opposition or resistance by direct action and forcible or threatened means. It means to obstruct the officer himself not merely to oppose or impede the process with which the officer is armed."[2]

Id. at 648, 643 S.E.2d at 171 (quoting Jones v. Commonwealth, 141 Va. 471, 478-79, 126 S.E. 74, 77 (1925)). "[O]bstruction of justice does not occur when a person fails to cooperate fully with an officer or when the person's conduct merely renders the officer's task more difficult but does not impede or prevent the officer from performing that task." Ruckman v. Commonwealth, 28 Va. App. 428, 429, 505 S.E.2d 388, 389 (1998).

Here, Boxley ran from the officers. He twisted away from officers and repeatedly tried to put his hands in his pockets. Boxley also kicked his legs as officers tried to arrest him. His kicking motions, combined with his other actions to avoid arrest, constituted more than "fail[ure] to cooperate fully" or "render[ing] the officer's task more difficult." Id. Boxley's actions clearly impeded the officers' efforts to arrest him. Thus, the evidence was sufficient to support his conviction for obstruction of justice.

---

[2] Though Boxley's sentencing order does not indicate under which subsection of Code § 18.2-460 he was convicted, his indictment indicates that he was charged with violating Code § 18.2-460(C), and therefore we will consider his arguments and the evidence as it pertains to that subsection.

## 2. POSSESSION OF A CONTROLLED SUBSTANCE

Constructive possession may be demonstrated by showing that the illegal substance was known to the accused and was subject to his dominion and control. Eckhart v. Commonwealth, 222 Va. 447, 450, 281 S.E.2d 853, 855 (1981). "Knowledge of the presence and character of the controlled substance may be shown by evidence of acts, statements, or conduct of the accused." Id. "Other circumstantial evidence may also support a finding of a defendant's knowledge of the nature and character of the substance in his possession, such as the drug's distinctive odor or appearance, or statements or conduct of others in his presence that would tend to identify it." Young v. Commonwealth, 275 Va. 587, 591, 659 S.E.2d 308, 310 (2008).

Appellant first argues that the evidence is insufficient to support his conviction for possession of a controlled substance because the Commonwealth failed to establish a sufficient nexus between him and the illegal drugs. Though mere proximity cannot establish possession, it is a factor to be considered by the fact finder. Lane v. Commonwealth, 223 Va. 713, 716, 292 S.E.2d 358, 360 (1982). Here, Boxley stood on the sidewalk smoking a hand-rolled cigarette. As officers approached him, he ran to the nearby porch. When he reached the front door, he no longer had the cigarette. An officer found the cigarette nearby on the porch. Though other men stood on the porch, the officers did not see any of them smoking anything. Thus, the evidence was sufficient to prove that the illegal substances in the hand-rolled cigarette were subject to Boxley's dominion and control.

Boxley further contends that there is no evidence that he was aware of the nature and character of the illegal drugs in the hand-rolled cigarette. "'The Commonwealth must also establish that the defendant intentionally and consciously possessed it with knowledge of its nature and character.' That knowledge is an essential element of the crime." Young, 275 Va. at 591, 659 S.E.2d at 310 (citations omitted). The evidence proved that Captain Duff observed

Boxley remove plant material from his pants pocket, crumble it up, roll it into a hand-rolled cigarette, and smoke it. Further, after the officers recovered the imitation crack cocaine from Boxley, he explained to the officers that he knew the imitation drug was "fake" when he tasted it, because it did not "numb [his] tongue." Therefore, Boxley was obviously aware of the effect cocaine has on one's tongue. His spontaneous statement belies his claim that he was unaware of the nature and character of the illegal drugs in the hand-rolled cigarette that he was smoking as that cigarette contained cocaine. From that statement and the contents of the hand-rolled cigarette, the fact finder could reasonably conclude Boxley knew the cigarette that he hand rolled contained cocaine. Moreover, when officers approached him as he smoked this cigarette, he fled. This evidence enabled the fact finder to conclude that Boxley was aware of the illegal nature and character of the substance that he smoked, and, therefore, the evidence was sufficient to support Boxley's conviction.

### 3. POSSESSION OF AN IMITIATION CONTROLLED SUBSTANCE WITH THE INTENT TO DISTRIBUTE

Boxley also challenges the sufficiency of the evidence to support his conviction for possession of an imitation controlled substance with the intent to distribute. A court may consider several factors as probative evidence of intent to distribute a controlled substance, including "the quantity of the drugs seized, the manner in which they are packaged, and the presence of an unusual amount of cash, equipment related to drug distribution, or firearms." McCain v. Commonwealth, 261 Va. 483, 493, 545 S.E.2d 541, 547 (2001). The Commonwealth may rely on circumstantial evidence to prove that a defendant intended to distribute illegal drugs while simultaneously possessing them. Christian v. Commonwealth, 33 Va. App. 704, 716, 536 S.E.2d 477, 483 (2000). "The Commonwealth need only exclude those hypotheses of innocence that flow from the evidence, not those that spring from the imagination of the defendant."

Here, Boxley admitted that he knew that the drugs seized from his pocket were not real. He denied selling narcotics and claimed that he planned to return the imitation drugs to their rightful owner. Later, he stated that he intended to throw the imitation drugs away. Boxley could not explain, however, why he had not already returned or otherwise disposed of the illegal drugs, despite knowing that they were not real. "Whether a hypothesis of innocence is reasonable is a question of fact, and a finding by the trial court is binding on appeal unless plainly wrong." Glasco v. Commonwealth, 26 Va. App. 763, 774, 497 S.E.2d 150, 155 (1998) (citations omitted). In convicting Boxley of possession of an imitation controlled substance with the intent to distribute, the trial court, acting as the fact finder, disregarded Boxley's claim that he was going to return the imitation drugs or throw them away. His continued possession of the imitation drugs after learning they were not real and having had opportunities to dispose of them supports the trial court's finding that Boxley intended to distribute the imitation drugs and, therefore, the evidence is sufficient to support his conviction.

## III.  CONCLUSION

For the foregoing reasons, we find that the police had probable cause to arrest Boxley for possession of a controlled substance and, therefore, the trial court did not err in denying his motion to suppress. We also find that the evidence was sufficient to prove that he possessed a controlled substance, possessed an imitation controlled substance with the intent to distribute, and obstructed justice. Therefore, we affirm each of Boxley's convictions.

Affirmed.